UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACOB ANGELO MASSEY,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>DANIEL J. COVERLY, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:24-cv-00291-ART-CLB<br><br>DISMISSAL ORDER |

Plaintiff Jacob Massey ("Plaintiff") brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while detained at Douglas County Sheriff's Office. (ECF No. 10 at 1.) On January 30, 2025, this Court ordered Plaintiff to update his address and file an application to proceed *in forma* pauperis by a non-prisoner by March 3, 2025. (ECF No. 15 at 1.) That deadline expired without an updated address from Plaintiff, and his mail from the Court is being returned as undeliverable. (*See* ECF No. 16.) Plaintiff also failed to file an application to proceed *in forma* pauperis by a non-prisoner or pay the full filing fee of $405.

**I.    DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of

1  address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)
2  (dismissal for failure to comply with court order).  In determining whether to
3  dismiss an action on one of these grounds, the Court must consider: (1) the
4  public's interest in expeditious resolution of litigation; (2) the Court's need to
5  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
6  favoring disposition of cases on their merits; and (5) the availability of less drastic
7  alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217,
8  1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th
9  Cir. 1987)).

10       The first two factors, the public's interest in expeditiously resolving this
11 litigation and the Court's interest in managing its docket, weigh in favor of
12 dismissal of Plaintiff's claims.  The third factor, risk of prejudice to defendants,
13 also weighs in favor of dismissal because a presumption of injury arises from the
14 occurrence of unreasonable delay in filing a pleading ordered by the court or
15 prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.
16 1976).  The fourth factor—the public policy favoring disposition of cases on their
17 merits—is greatly outweighed by the factors favoring dismissal.

18       The fifth factor requires the Court to consider whether less drastic
19 alternatives can be used to correct the party's failure that brought about the
20 Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,
21 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before*
22 the party has disobeyed a court order does not satisfy this factor); *accord*
23 *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that
24 "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted
25 pursuit of less drastic alternatives prior to disobedience of the court's order as
26 satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled
27 with the warning of dismissal for failure to comply[,]" have been "eroded" by
28

*Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed without the ability for the Court and the defendants to send Plaintiff case-related documents, filings, and orders, the only alternative is to enter a second order setting another deadline. But without an updated address, the likelihood that the second order would even reach Plaintiff is low, so issuing a second order will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.     CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an updated address and an application to proceed *in forma* pauperis by a non-prisoner in compliance with this Court's January 30, 2025, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Plaintiff wishes to pursue his claims, he must file a complaint in a new case and provide the Court with his current address.

Dated this 13th day of March 2025.

ANNE R. TRAUM
UNITED STATE DISTRICT JUDGE